## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE:

| | | |
|---|---|---|
| RAYMOND C. MOHR | : | Bankruptcy No. 02-10551 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GARY SEITZ, Chapter 7 Trustee, | : | |
|         Plaintiff | : | |
|     v. | : | |
| PETER HAABESTAD, | : | |
|    and | : | |
| PETER HAABESTAD and WENDY HAABESTAD: | | |
| As Parents and Natural Guardians of | : | |
| REED HAABESTAD, a minor | : | |
| | : | Adv. No. 03-_____ |
|     Defendants | : | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT FOR RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§544b AND 548 AND 12 P.S.§5104 ET SEQ.

Plaintiff Gary Seitz, the Chapter 7 Trustee for the bankruptcy estate of Raymond C. Mohr, for his complaint to recovery fraudulent transfers by the debtor to defendants Peter Haabestad, and Peter Haabestad and Wendy Haabestad, parents and natural guardians of Reed Haabestad, a minor, alleges as follows:

### Summary of the Action

1     This is an action by the Chapter 7 Trustee for the Raymond C. Mohr bankruptcy estate to recover fraudulent transfers made by the debtor, Raymond C. Mohr to various "investors" in a "Ponzi" scheme which he conducted over a period of several years. During the many years that this scheme was ongoing, Mr. Mohr never had any legitimate investment activities, but rather, convinced "investors" to provide him with investment funds which he

1

utilized to support his lifestyle, while returning some of the funds to the "investors" to make the scheme appear legitimate.  Some "investors" in the scheme, such as the defendants herein, made a substantial amount of money because Mr. Mohr chose to pay them with the proceeds of "investments" received from other victims of his scheme.  None of the funds received by the defendants were legitimate transfers for which reasonably equivalent value was given and accordingly, all transfers by Mr. Mohr, who was insolvent at the time of the transfers to the defendants, were fraudulent and subject to disgorgement under the actual and constructive fraud provisions of the Pennsylvania Uniform Fraudulent Transfer Act, 12 P.S. §§5104, 5105. At all times relevant hereto, the defendants were acting in concert with respect to their "investments" with and "returns" from Mr. Mohr.

### The Parties

2.      Plaintiff Gary Seitz (the "Trustee") is the Chapter 7 Trustee appointed by the United States Bankruptcy Court for the Eastern District of Pennsylvania to administer the bankruptcy estate of Raymond C. Mohr.  Mr. Seitz has a business address at The Bayard Firm, 222 Delaware Avenue, Suite 900, Wilmington, DE 19801.

3.      Defendants Peter Haabestad and Wendy Haabestad, parents and natural guardians of Reed Haabestad, a minor, are each individuals resident of the Commonwealth of Pennsylvania with an address located at 20 Briar Road, Wayne, PA 19087.

### Jurisdiction and Venue

4.      Jurisdiction for this action lies in the United States Bankruptcy Court pursuant to 28 U.S.C. §1334(b) in that this is a civil proceeding arising under Title 11, or arising in and related to cases under Title 11, and 28 U.S.C. §157(b) in that this is a core proceeding arising

2

under Title 11 affecting the administration of the estate and to determine, avoid and recover

fraudulent conveyances.

5.      Venue proper lies in the United States Bankruptcy Court for the Eastern District

of Pennsylvania in that it is the district in which the bankruptcy case is pending and in which

many of the transactions underlying this cause of action occurred.

### Facts

6.      Plaintiff is the Chapter 7 Trustee of the Raymond C. Mohr bankruptcy estate

appointed to that role by the Office of the United States Trustee on or about January 10, 2002.

7.      Upon his engagement as Trustee, plaintiff commissioned the accounting firm of

Parente Randolph, LLC to conduct a forensic accounting investigation of the debtor's finances.

8.      The forensic accounting investigation revealed that the debtor never conducted

any legitimate investment activities, but ran a classic "Ponzi" scheme, in which he solicited

"investments" from individuals and businesses, and utilized those "investments" to subsidize his

lifestyle.  As new "investments" were made by subsequent investors, payments were made to

earlier investors to make it appear as if the scheme were legitimate. Furthermore, the debtor

admitted the foregoing facts during the course of this bankruptcy proceeding as well as in a

criminal investigation by the United States Attorneys office relating to the same "Ponzi" scheme.

9.      At all relevant times, the debtor was insolvent in that he had no legitimate

business and his obligations always exceeded his assets.  From the time Mr. Mohr accepted the

first "investments" from a "client" and subsequently paid prior "investors" from new

"investments" he was insolvent both on a balance sheet basis and by an inability to pay debts as

they would come due since he conducted no regular business activities.

3

10.    As a result of Mr. Mohr's scheme, an aggregate amount of $9,865,380.94 was "invested" with Mr. Mohr and payments were made by Mr. Mohr to some of the "investors" in the amount of $8,167,903.86, resulting in a net deficit of $1,697,477.08.

11.    Of the ninety-one (91) "investors" in Mr. Mohr's "Ponzi" scheme, there were forty (49) such "investors, including the defendants herein, who were "net gainers" in that they, in the aggregate, received a net windfall of $1,502,349.26.

12.    The remaining forty-two (42) "investors" suffered aggregate losses in the amount of $3,199,826.34.  It is the Trustee's obligation to equalize the return among the entire group of "investors" in Mr. Mohr's fraudulent "Ponzi" scheme.  The defendants, who are similarly situated in terms of their "investment" to all of the "net losers" in the "Ponzi" scheme, have no entitlement to recover a windfall simply as a result of being one of those fortunate few who Mr. Mohr decided to pay before the scheme was discovered.  The defendants herein must be required to disgorge all transfers made to them by Mr. Mohr so that each "investor" is treated equally.

**COUNT I**
**RECOVERY OF FRAUDULENT TRANSFER**
**PURSUANT TO 11 U.S.C. §544(b), 11 U.S.C.  550(a) AND 12 P.S. §5104**

13.    The Trustee repeats and incorporates by reference his allegations contained in paragraphs one (1) through twelve (12) as if fully set forth at length herein.

14.    11 U.S.C. §544(b) confers the Trustee with "strong arm" powers to avoid any transfer of an interest of the debtor that is avoidable by any creditor holding an unsecured claim.

15.    At the time of all transfers made by the debtor to the defendants, there existed creditors of Raymond C. Mohr as to whom the transfers were fraudulent and avoidable. Accordingly, the Trustee may utilize his "strong arm" powers to avoid these transfers.

4

16.    The payments made by Mr. Mohr to the defendants were made with actual intent to hinder, delay or defraud other creditors of the debtor in that at all times, Mr. Mohr knew that he could not indefinitely continue to pay existing "investors" with monies received by new "investors" while utilizing substantial sums of those monies for his personal expenses since, at no time during the conduct of the scheme by Mr. Mohr, did he ever conduct any legitimate business activities.

17.    In addition, the defendant did not provide reasonably equivalent value for the transfers received from Mr. Mohr and Mr. Mohr had grossly insufficient assets available to pay the debts of his "Ponzi" scheme and knew that he had incurred or would incur debts beyond his ability to pay them as they came due.

18.    By reason of the foregoing, the transfers made by the debtor to the defendants were actually fraudulent pursuant to 12 P.S. §5104(a) and are subject to avoidance and/or the Trustee may obtain a judgment against the defendant as transferee of a fraudulent transfer pursuant to 12 P.S. §5107(a) and 11 U.S.C. §550(a).

WHEREFORE, the Trustee demands judgment against defendants Peter Haabestad, Peter Haabestad and Wendy Haabestad, parents and natural guardians of Reed Haabestad, a minor, jointly and severally, in the amount of $31,388.00, together with interest and such other and further relief as the court deems just and proper.

## COUNT II
### RECOVERY OF TRANSFERS DEEMED CONSTRUCTIVELY FRAUDULENT PURSUANT TO 11 U.S.C. §544(b), 11 U.S.C. 550(a) AND 12 P.S. §5105

19.    The Trustee repeats and incorporates by reference his allegations contained in one (1) through eighteen (18) as if fully set forth at length herein.

5

20.    The transfers made by the debtor to the defendants herein were fraudulent as to creditors whose claims arose before the transfers were made.

21.    The debtor made the transfers to the defendants without receiving reasonably equivalent value in exchange for the transfers and the debtor was insolvent at the time of each transfer made to the defendant.

22.    By reason of the foregoing, the aforesaid transfers made to the defendants are deemed constructively fraudulent pursuant to 12 P.S. §5105 and are subject to recovery pursuant to 11 U.S. §544(b), 11 U.S.C. §550 (a) and 12 P.S. §5107(a).

WHEREFORE, the Trustee demands judgment against defendants Peter Haabestad, Peter Haabestad and Wendy Haabestad, parents and natural guardians of Reed Haabestad, a minor, jointly and severally, in the amount of $31,388.00, together with interest and such other and further relief as the court deems just and proper.

## COUNT III
## RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. §548 AND 11 U.S.C.  550(a)

23.    The Trustee repeats and incorporates by reference his allegations contained in one (1) through twenty-two (22) as if fully set forth at length herein

24.    Within one year of the bankruptcy petition filing date of January 10, 2002, the debtor made transfers to the defendants in the amount of $2,891.73.

25.    Such transfers were made with actual attempt to hinder, delay or defraud other creditors at the time the transfers were made.

26.    The debtors received less than reasonably equivalent value in exchange for the transfer and was insolvent on the date such transfer was made.

27.     The debtor had insufficient capital with which to continue the "Ponzi" scheme that he was conducting at the time the transfers were made and had incurred debts beyond the debtor's ability to pay such debts.

28.     By reason of the foregoing, all payments made within one year of the filing date of January 10, 2002, an amount of $2,891.73 is avoidable pursuant to 11 U.S.C. §§548 and 550(a) and the Trustee is entitled to a judgment against the transferee, the defendants in that amount.

WHEREFORE, the Trustee demands judgment in Count III of the Complaint against the defendants in the amount of $2,891.73, together with interest and such other and further relief as the court may deem just and proper.


BECKMAN AND ASSOCIATES


BY: ___s / Bradley T. Beckman____
     Bradley T. Beckman, Esquire
     PA Attorney ID No. 53765
     Attorney for Trustee, Gary Seitz


     Two Penn Center Plaza
     Suite 910
     Philadelphia, PA 19102
     215-569-3096